IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMBERLY S. BARRON and<br>MARIO P. BARRON, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | No. CIV-16-203-C |
| | ) | |
| PORTFOLIO f/k/a EXPRESS SYSTEMS<br>INC., and DAVID STANLEY DODGE,<br>LLC, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand and Brief in Support (Dkt. No. 10). Defendants have responded (Dkt. Nos. 13, 14), and Plaintiffs did not file a reply. The motion is now at issue.

Plaintiffs purchased a 2014 Jeep Patriot from Defendant, David Stanley, on October 4, 2013. Plaintiffs also purchased a Guaranteed Asset Protection ("GAP") policy insured through Defendant Portfolio. On August 22, 2014, Plaintiff, Kimberly Barron, was involved in a motor vehicle accident that resulted in total loss of the Jeep Patriot. On January 23, 2015, Old American Indemnity Company (which insured Plaintiffs' car) paid property damage in the amount of $14,278.15. The remaining balance of the value of the car was $8,534.19. Plaintiffs submitted the appropriate request to Defendant Portfolio requesting the balance be paid to the lien holder. On September 1, 2015, Portfolio paid the remaining balance. On September 2, 2015, Plaintiffs filed a Petition in the District Court of Oklahoma County, alleging claims of bad faith against the Defendants. Defendant Portfolio

subsequently filed a Notice of Removal to this Court, asserting that Defendant David Stanley had been fraudulently joined to defeat diversity jurisdiction. Plaintiffs then filed this Motion for Remand.

Removal of the instant case is based on diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a), a federal district court "shall have original jurisdiction of all civil actions where the matter . . . is between . . . citizens of different States." Because "the courts of the United States are courts of limited jurisdiction, there is a presumption against" removal jurisdiction. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citing City of Lawton, Okla. v. Chapman, 257 F.2d 601 (10th Cir. 1958)). Defendant David Stanley and both Plaintiffs are citizens of Oklahoma. Defendant Portfolio is a citizen of California. Thus, if David Stanley remains a party to this case the Court lacks subject matter jurisdiction in the absence of complete diversity.

Defendant Portfolio argues that Defendant David Stanley has been fraudulently joined and therefore should be disregarded for purposes of determining diversity. "'To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (quoting Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011)). Defendants argue the latter. Defendants' allegation of fraudulent joinder cannot survive if the Court finds "there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharm., Inc.,

2

203 F. App'x 911, 913 (10th Cir. 2006) (citing Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000)). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.

Defendants argue, in part, that Plaintiffs have failed to state a claim against David Stanley. In their Petition, Plaintiffs allege only that David Stanley is liable for bad faith as an "agent" of Portfolio. Oklahoma law provides that an insured cannot sue agents for the insurer's alleged breach of its implied duty of good faith and fair dealing. St. Paul Reinsurance Co., Ltd., v. Club Servs. Corp., 30 F. App'x 834, 836 (10th Cir. 2002). However, certain exceptions exist. Wathor v. Mut. Assur. Adm'rs, Inc., 2004 OK 2, ¶ 12, 87 P.3d 559, 563. "In a situation where a plan administrator performs many of the tasks of an insurance company, has a compensation package that is contingent on the approval or denial of claims, and bears some of the financial risk of loss for the claims, the administrator has a duty of good faith and fair dealing to the insured." Id. Plaintiffs argue that with adequate discovery, these exceptions may be forthcoming showing that David Stanley has an ownership interest and/or has been assigned to handle the claims administration on behalf of Defendant Portfolio, allowing Plaintiffs to sue David Stanley under the exception.

In reviewing Plaintiffs' Petition, however, the Court finds there are no facts pleaded against David Stanley which, if proven, would entitle them to relief. Therefore, the claim is dismissed without prejudice. Consequently, complete diversity *does* exist, and this Court continues to have subject matter jurisdiction to consider the matter further.

## CONCLUSION

Accordingly, Plaintiffs' Motion to Remand (Dkt. No. 10) is DENIED. Plaintiffs' claim against Defendant David Stanley is dismissed without prejudice.

IT IS SO ORDERED this 14th day of July, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge